ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                          )
                                      )
Macro-Z Technology                    )          ASBCA No. 56711
                                      )
Under Contract No. N44255-04-D-9122   )

APPEARANCES FOR THE APPELLANT:        James F. Nagle, Esq.
                                      Adam K. Lasky, Esq.
                                        Oles Morrison Rinker & Baker LLP
                                        Seattle, WA

APPEARANCES FOR THE GOVERNMENT:       Ronald J. Borro, Esq.
                                        Navy Chief Trial Attorney
                                      Anthony K. Hicks, Esq.
                                      Robyn L. Hamady, Esq.
                                        Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE JAMES

This appeal arises from the contracting officer's (CO) deemed denial of the $5,434,297 claim of Macro-Z Technology (MZT) which it certified on 2 September 2008. The Board has jurisdiction of the appeal under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. The parties have agreed to decide this appeal on entitlement only by documentary submission under Board Rule 11. The record contains 958 Rule 4 and supplemental Rule 4 documents submitted by the parties. MZT submitted its Rule 11 brief on 15 January 2014. Respondent submitted its Rule 11 brief on 4 March 2014. MZT submitted a reply brief on 11 April 2014.

FINDINGS OF FACT

1. On 15 July 2004 the Naval Facilities Engineering Command (NAVFAC) Engineering Field Activity Northwest (EFANW) issued a Request for Proposals for an SBA § 8(a) Multiple Award Construction Contract (MACC). Under the MACC, the "seed project P-041 Fire Station Addition and Renovation, NAS [Naval Air Station] Whidbey Island" would be used as a sub-criterion for selecting MACC awardees. (R4, tab 2 at 14[1]) EFANW advised offerors that under the solicitation it would award three to five indefinite-delivery, indefinite-quantity (IDIQ) contracts, under which task

---

[1] Citations to all Rule 4 pages are to their Bates numbers and ignore sub-tab numbers.

orders would be issued for design-construction projects (R4, tab 2 at 14-23, tab 5 at 992).

2. On 29 September 2004 EFANW awarded Contract No. N44255-04-D-9122 to MZT, and on the same day issued to MZT Task Order No. 0001 (TO-1) in the amount of $3,999,872.00 for the design and construction of "Fire Station Addition & Renovation" at NASWI, to be completed by 6 March 2006 (R4, tab 28 at 4778-4801).

3. TO-1's price was increased to a final price of $4,313,443.57 and its completion date was extended cumulatively to 27 June 2006. EFANW accepted the work as complete on 26 April 2007. The CO stated that liquidated damages (LDs) "can be assessed" for 303 days of delay (303 x $1,850/day = $560,550), which exceeded the $524,726.12 remaining on TO-1 by $35,823.88.[2] (R4, tab 13 at 1299, tab 28 at 4735-36, tab 31 at 4881)

4. MZT's 10 March 2008 Request for Equitable Adjustment (REA) demanded $5,434,297 under TO-1. Under the heading "IMPACT ISSUE DESCRIPTION," that $5,434,297 was composed of $3,442,579 for "impact damages," $628,657 for "delay damages" and $752,560 for "proposal preparation costs" (aka REA development costs), subtotaling "4,823,797" (sic, $4,823,796). MZT also demanded $610,500 for "LIQUIDATED DAMAGES WITHHELD" and "a time extension of 303 [or 305] calendar days." (R4, tab 27 at 1873, 1968, 1992, 2451-53)

5. The REA's $3,442,579 impact damages were based upon 85 "B" and "V" (variance) items. Item B.1.20 listed 42 "V" items for which MZT stated, "Total Costs: $ TBD," except for items V001 ($1,000), V038 ($5,600) and V040 ($1,500). (R4, tab 27 at 1967, 2452-533, 2459-61, 3465-66, 3468, 3473, 3628, 4160, 4261)

6. The REA requested $628,657 for 303 (or 305) calendar delay days, which MZT attributed to the 85 "B" and "V" impact items (R4, tab 27 at 1968, 1992).

7. The REA alleged $752,560 for proposal preparation, with the note: "Proposal preparation costs are ongoing and will be adjusted as additional costs are incurred" (R4, tab 27 at 1969, 2451).

8. The REA's item for $610,500 LDs retained and withheld, also described as "financing costs to complete the project," includes a $170,170 "retention" for 13

---

[2] The CO apparently assessed LDs by retaining/withholding $524,726.12 from payments otherwise due under TO-1. Record evidence does not show whether the CO demanded the $35,823.88 balance of LDs from MZT.

months and $488,400 assessed LDs for 6 months ($170,170 + $488,400 = $658,570)[3] (R4, tab 27 at 1965-67, 1970, 2451).

9. The REA alleged general operative facts with respect to the Navy's pre-award failure to disclose superior knowledge, violation of duty of good faith and fair dealing, bid mistakes, but did not attribute any specific costs to those legal theories (R4, tab 27 at 1882-89, 1970, 1998).

10. The CO's 21 August 2008 letter to MZT found no merit in the REA except for impact items B.1.13 and B.1.40, for which the parties agreed to a $130,000 adjustment in contract Modification No. 6 (R4, tab 13 at 1299, tab 28).

11. On 2 September 2008 MZT submitted to the CO a certified claim constituted of its 10 March 2008 REA (R4, tab 29). MZT's 16 January 2009 letter appealed to the ASBCA from the CO's deemed denial of its claim.

12. On 6 March 2010, MZT moved for partial summary judgment on its eight alleged unilateral, pre-award mistakes and stated:

> The Board should rescind the subject contract and grant MZT restitution on a *quantum meruit* basis.... MZT should be entitled to recover its total reasonable costs incurred in the performance of the...contract (not to exceed the Navy's $8.150 million estimate for new construction), less the amounts already paid by the Navy to MZT. In addition, the liquidated damages withheld...should be released.

(App. mot. at ii-iii, 2, 49-83, 94) The Navy's last new construction cost estimate was $8,027,000 (supp. R4, tab 480) and MZT was paid $3,658,717.45 (R4, tab 25 at 1861).

13. Our February 2012 decision on that motion stated the operative facts with respect to how the Navy developed its requirement and cost estimates for the addition to and renovation of the Whidbey Island Fire Station, prepared the competitive solicitation, received and evaluated 12 proposals, discussed MZT's proposal with MZT, explained the source selection rationale and awarded the contract and TO-1 to MZT. We described the legal theories of unilateral mistakes, unconscionability and superior knowledge/misrepresentation on which MZT based its motion as follows:

> MZT's motion for partial summary judgment advances three entitlement theories: unilateral mistakes

---

[3] MZT does not explain the $48,070 discrepancy between $610,500 and $658,570.

prior to award about which the Navy knew or should have known; unconscionability associated with the alleged unilateral mistakes and acceptance of MZT's proposal for new construction at an "unrealistically low price;" and superior knowledge/misrepresentation associated with alleged misrepresentations and nondisclosures which induced MZT to bid at an "unrealistically low price" and alleged failure to disclose superior knowledge that the price was "unrealistically low."

*Macro-Z Technology*, ASBCA No. 56711, 12-1 BCA ¶ 35,000 at 171,999. We denied MZT's motion due to genuine issues of material facts, mistakes in judgment, insufficient supporting evidence, and inadequacies in MZT's foregoing legal theories on the eight pre-award mistakes. 12-1 BCA ¶ 35,000 at 172,010.

14. On 28 February 2013, MZT notified the Board it would only pursue the bases for entitlement raised in its partial motion for summary judgment (supp. R4, tab 627).

15. At MZT's request, the Board's 29 November 2012 order dismissed with prejudice 19 "B" claim items (supp. R4, tabs 625, 626).

16. At MZT's request, the Board's 9 July 2013 order dismissed with prejudice MZT's 30 remaining "B" claim items and 51 of its "V" claim items (supp. R4, tabs 627, 631). At MZT's request, on 16 July 2013 the Board amended the 9 July 2013 order to dismiss the 12 remaining "V" claim items (supp. R4, tabs 632, 633).

17. On 9 September 2013 respondent, based on appellant's notice that it was dropping its unilateral mistake claim, moved to dismiss the eight unilateral mistake claims identified in MZT's 6 March 2010 motion for partial summary judgment (supp. R4, tab 634). The Board's 25 September 2013 order dismissed with prejudice MZT's eight mistake claims, the first of which alleged: "MZT misread/misunderstood the RFP to allow new construction, though the RFP clearly specified the proposals were to be for renovation/addition."[4] (Supp. R4, tabs 635, 636)

18. MZT's Rule 11 brief only pursues entitlement based on a *quantum meruit* basis upon the Navy's pre-award conduct.

---

[4] The other seven unilateral mistakes MZT alleged involved its misreading of, or clerical errors with respect to, design components required for the NASWI Fire Station Addition & Renovation, such as sound attenuation, etc. *See Macro-Z Technology*, 12-1 BCA ¶ 35,000 at 172,000-03.

4

## DECISION

The pertinent statutory, regulatory and decisional requirements and rules for submitting a CDA claim were summarized in *ERKA Construction Co.*, ASBCA No. 57618, 12-2 BCA ¶ 35,129 at 172,473-74:

> For a contractor claim the CDA requires that: (1) the contractor must submit the demand in writing to the CO, (2) the contractor must submit the demand as a matter of right, and (3) the demand must contain a sum certain. *H.L. Smith, Inc. v. Dalton*, 49 F.3d 1563, 1565 (Fed. Cir. 1995). The claim must request, expressly or implicitly, a final decision of the CO, who must issue a decision thereon, or fail to decide the claim within the prescribed time. *See James M. Ellett Construction Co. v. United States*, 93 F.3d 1537, 1542-43 n.4 (Fed. Cir. 1996). If the contractor's claim exceeds $100,000, it must be certified. *See* 41 U.S.C. 7103(b)(1).

The Board's jurisdiction to decide an appeal from a contractor claim depends on the prior submission of the claim to a CO for decision and a final decision on, or deemed denial of, the claim. 41 U.S.C. § 7103(a)(1); *see also Lael Al Sahab & Co.*, ASBCA No. 58346, 13 BCA ¶ 35,394 at 173,662. The Board does not have CDA jurisdiction of a claim asserted after appeal to the Board without prior submission to the CO. *See American General Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,639; *Sharman Co. v. United States*, 2 F.3d 1564, 1569 (Fed. Cir. 1993), *overruled on other grounds*, *Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995) (en banc) (jurisdiction is determined based on the facts existing upon commencement of the action). "Whether a claim before the Board is new or essentially the same as that presented to the CO, depends upon whether the claims derive from common or related operative facts." *EJB Facilities Services*, ASBCA No. 58314, 13 BCA ¶ 35,425 at 173,781.

After docketing of this appeal, neither the government nor the Board questioned whether MZT's $5,434,296 claim or any of its elements — $4,823,796 for impact, delay damages and proposal preparation, and $610,500 for recovery of liquidated damages — was a sum certain. Superficially they appear to be certain. (Finding 4) Whether those sums encompassed damages for MZT's alleged pre-award conduct of the Navy was not questioned. Nonetheless, it is incumbent on the Board to assure that we have jurisdiction of the appeal, even if the parties have not raised the issue. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 546-47 (1986); *Telcomm Technical Services, Inc. v. Siemens Rolm Communications, Inc.*, 295 F.3d 1249 (Fed. Cir. 2002).

5

Our following analysis, based on the material facts identified in our findings, shows that MZT's $5,434,296 claim was only superficially certain for several reasons. We focus on CDA claim elements (1) and (3) — submitted to the CO and sum certain — quoted from *H.L. Smith, Inc.*, 49 F.3d at 1565.

The elements of MZT's "impact damages" claim were based on alleged post-award conduct of the Navy (findings 4-6). MZT did not attribute any specific costs to the operative facts underlying its legal theories of alleged pre-award failure to disclose superior knowledge, violation of the implied duties of good faith and fair dealing and bid mistakes (finding 9).

MZT's 6 March 2010 motion for partial summary judgment leaves no doubt that its "impact damages" were based on alleged post-award actions or inactions of the Navy. MZT's motion focused on pre-award Navy conduct, did not attempt to correlate any 2 September 2008 claim costs with pre-award conduct and instead urged us to "rescind the subject contract and grant MZT restitution on a *quantum meruit* basis." Indeed, MZT offered us a new formula to quantify pre-award claim costs: "MZT should be entitled to recover its total reasonable costs incurred in the performance of the…contract (not to exceed the Navy's $8.150 million estimate for new construction), less the amounts already paid by the Navy to MZT." (Finding 12)

MZT's 2008 claim stated general operative facts regarding the Navy's pre-award conduct for which it allegedly is liable (finding 9). MZT's March 2010 motion for partial summary judgment provided a formula to quantify such pre-award conduct (finding 12). That formula did not set forth a discrete dollar amount. However, from that formula a sum certain can be determined from the difference between the Navy's last estimate of new construction costs, $8,027,000, and the cumulative payments to MZT, $3,658,717.45. (*Id.*) *See PHI Applied Physical Sciences, Inc.*, ASBCA Nos. 56581, 58038, 13 BCA ¶ 35,308 at 173,334 ("Although the amount sought was not expressly totaled by appellant, a sum certain total is readily calculable by simple arithmetic."). MZT's sum certain was belatedly determinable 13 months after this appeal was filed in January 2009 (finding 11). We conclude upon close examination that MZT's 2 September 2008 submission to the CO (finding 11) consisted of two claims: one that represented an MZT post-award claim and that claim was submitted in a sum certain; and one that represented an MZT pre-award claim and that claim was submitted without a sum certain. Since MZT's 2 September 2008 claim to the CO lacked a sum certain for its pre-award elements, we hold that the Board lacks CDA jurisdiction to decide this appeal. *See Sharman Co.*, 2 F.3d at 1569.

6

CONCLUSION

For the foregoing reasons, the appeal is dismissed.

Dated: 18 August 2014

DAVID W. JAMES, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MARK A. MELNICK
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 56711, Appeal of Macro-Z Technology, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals